### C. P. CARR v. STATE.

No. A-2233.  Opinion Filed March 6, 1915.

Appeal from County Court, Wagoner County;

W. T. Hunt, Judge.

C. P. Carr, convicted of a violation of the prohibitory law, appeals. Appeal dismissed.

J. S. Dickey, Jr., for plaintiff in error.

R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM.  **Plaintiff in error was convicted in the county court** of Wagoner county on an information which charged the unlawful sale of one pint of whisky to one Frank Letts, and was, on November 12th, 1913, in accordance with the verdict of the jury, sentenced to be confined in the county jail for thirty days and to pay a fine of fifty dollars. He appeals from the judgment.  On March 9, 1915, there was filed by counsel for plaintiff in error a motion to dismiss the appeal.  The appeal herein is, therefore, dismissed and the cause remanded to the county court of Wagoner county with directions to cause its judgment and sentence to be carried into execution.  Mandate forthwith.

---

### LINK BROWN and MRS. LINK BROWN v. STATE.

No. A-2221.  Opinion Filed March 6, 1915.

Appeal from County Court, Jefferson County;

J. M. Adams, Judge.

Link Brown and Mrs. Link Brown were convicted of violating the prohibitory law, and appeal.  Affirmed.

J. H. Harper, for plaintiff in error.

R. McMillan, Asst. Atty. Gen., for the State.

PER CURIAM.  The plaintiffs in error were convicted under an information which jointly charged that Link Brown and Mrs. Link Brown did unlawfully sell whisky to Zack Trict.  The jury failed to fix the punishment.  On the 26th day of January, 1914, the court sentenced Link Brown to be confined in the county jail for sixty days and to pay a fine of one hundred dollars, and sentenced Mrs. Link Brown to be confined in the county jail for thirty days and to pay a fine of fifty dollars. We have carefully examined the record and find that there is evidence sufficient to warrant the jury in reaching the conclusion that did in this case. There is no error disclosed by the record and we would not be warranted in reversing this case on the ground that the evidence is insufficient.  The judgment of the county court of Jefferson county herein is, therefore, affirmed.